## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF TEXAS

Joe Hunsinger
  Plaintiff Pro-Se'

Case No:

V.

MZ Fischer Holdings, LLC.
  Defendants

# COMPLAINT

### 1.0  PARTIES

1.1   Joe Hunsinger is a an individual citizen of Texas and a resident of this District.

1.2   Defendant MZ Fischer Holdings, LLC.  is a domestic corporation with its principal place of business in the State of Texas at 901 Grange Hall Dr. apt# 4313, Euless, Texas 76039.

1.3   Defendant can be served by their agent Michael Fischer at 901 Grange Hall Dr. apt# 4313, Euless, Texas 76039.

## 2.0  JURISDICTION AND VENUE

2.1   This court has personal specific jurisdiction pursuant to 28 USC Section 1331 and 47 USC Section 227.

2.2   Supplemental jurisdiction for Plaintiffs state law claims arise under 28 USC Section 1391(b)(2).

2.3   This Court has personal specific jurisdiction over Defendant because defendant made calls to Plaintiff in this District.

## 3.0  PRELIMINARY STATEMENT

3.1    This is an action for damages brought by an individual consumer for violations of the TCPA, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive and nuisance telemarketing practices.

3.2    Senator Hollings, the TCPA's sponsor, described these call as "the scourge of modern civilization.  They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of be; they hound us until we want to rip the telephone out of the wall."

3.3    According to findings by the FCC, the agency congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls.

3.4    The national DNC registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  Plaintiff hereby requests a copy of Defendants DNC Policy.

3.5    The TCPA regulations define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services."

3.6    Telemarketing occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services.

3.7    Neither the TCPA nor its implementing regulations require an explicit mention of a good, product, or service – where the implication of an improper purpose is "clear from the context."

3.8    In other words, "offers that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA.

3.9    If a call is not deemed telemarketing, a Defendant must nevertheless demonstrate that it obtained the Plaintiffs prior express consent.

3.10  The FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages.

3.11  "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients."

3.12  Plaintiff has been harmed by Defendants' acts because his privacy has been violated.   Plaintiff was subject to annoying and harassing telephone calls (texts) that constitute a nuisance.

3.13  Telemarketers must obey the prohibitions in the TCPA.

3.14  Telemarketing is defined as "a plan, program, or campaign which is conducted to induce the purchase of goods or services or charitable contribution by use of one or more telephones and which involves more than on interstate telephone call.

3.15  Plaintiff establishes injury in fact, if he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."

3.16  Plaintiff has the precise harm and infringe the same privacy interests Congress sought to protect in enacting the TCPA.

3.17  Plaintiffs "express consent" is not an element of Plaintiffs prima facie case, but is an affirmative defense for which the Defendant bears the burden of proof.

3.18  One single unsolicited marketing text or call is all it takes for a Plaintiff to have standing and bring suit against a violator of the TCPA.

3.19  The TCPA does not bar all business-related text messaging, but instead, focuses, in part, on cellular calls and text messages that are for the purpose of soliciting new or additional business.

3.20  Defendants actions are a pattern and practice over time.

3.21  Defendants, in its alleged violation, was aware of the conduct and allowed it to continue.

3.22  The impersonal and generic nature of Defendants text message(s), demonstrate that Defendant utilized an ATDS in transmitting the message.

3.23  Text message advertisements and the use of a short code, support an inference that the text messages use ATDS.

3.24  Plaintiff has alleged facts sufficient to infer text messages were sent using ATDS – use of a short code and volume of mass messaging alleged would be impractical without use of an ATDS.

3.25  Defendant used a "long code" to transmit a text to the Plaintiff.  A long code is a standard 10-digit phone number that enabled Defendant to send SMS text messages *en masse*, while deceiving recipients into believing that the message was personalized.  Defendant can copy and past and send hundreds of characters out with a few clicks.

3.26  Long codes work as follows:   Private companies known as SMS gateway providers have contractual arrangements with mobile carriers to transmit two-way SMS traffic.  These SMS gateway providers send and receive SMS traffic to an from the mobile phone networks SMS centers which are responsible for relaying those

messages to the intended mobile phone.  This allows for the transmission of a large number of SMS messages to and from a long code.

3.27  Specifically, upon information and belief, Defendant utilized a combination of hardware and software systems to send the text messages at issue in this case. The systems utilized by Defendant have the capacity of store telephone numbers and to dial such number from a list.

3.28  Defendants unsolicited calls/text message(s) caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.  Defendants text messages also inconvenienced Plaintiff and caused disruption of his daily life.

3.29  Unwanted "Robocalls" are the number one complaint in America today. Americans received over xxx billion robocalls just last month.

3.30  Plaintiff estimates he has received tens of thousands of unauthorized and unwanted text messages in his lifetime from telemarketers.  Some have been from repeat violators and some have been from single call/text violators.  The Bureau of Labor Statistics tells us there are 134,800 telemarketers in the USA.  If this information is correct American consumers could quite possibly receive 369.31 calls per day and we have to tell the telemarketers is to place us on their do not call list and we won't hear from them in another 12 months, and then process begins all over again?  Plaintiff does not want to have his phone ring or text 369.31 times a day from telemarketers.  Plaintiff does not even want one telemarketer to call him.  There is a reason they say we as a nation may disagree on many issues, but when it comes to unwanted telemarketing (Robocalls/texts) we all agree that we do not like them.

3.31  The contempt from Senator Hollings was he even wanted to do away with all telemarketers, period.  Plaintiffs pleading as mentioned above are clear and give an insight on where Plaintiff set of mind.  How he wants to left alone and unbothered by telemarketing calls/texts.

3.32  The do not call provisions of the TCPA cover any plan, program or campaign to sell goods or services through interstate phone calls. This includes calls by telemarketers who solicit consumers, often on behalf of third party sellers.

3.33  The TCPA has a "safe harbor" for inadvertent mistakes.  If a telemarketer can show that, as part of its routine business practice, it meets all the requirements of the safe harbor, it will not be subject to civil penalties or sanctions for mistakenly calling a consumer who has asked for no more calls, or for calling a person on the registry.

3.34  Plaintiffs complaint seeks money damages and injunctive relief from Defendants illegal conduct.

3.35  This private cause of action is a straight forward provision designed to achieve a straightforward result.  Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights.  Violations of the law are clear, as is the remedy.

3.36  The TCPA was enacted to prevent companies like Defendant from invading Plaintiffs' privacy as explained in paragraph 3.27 and 3.28.

3.37  Defendant(s) uses telemarketing to obtain new customers.

3.38  If Defendant(s) want to avoid a TCPA lawsuit, all they have to do is not break the laws in the TCPA.

## 4.0  VICARIOUS LIABILITY

4.1   At all times relevant the the events giving rise to this lawsuit, Defendant acted through its agents and is therefore liable for such actions pursuant of vicarious liability principles.

4.2    Whenever it is stated herein that Defendant engaged in any act or omission, the statement includes the acts or omissions by Defendant, its agents, its employees, its representatives and others with actual or apparent authority to act on behalf of and bind the Defendant.

## 5.0  QUESTIONS OF LAW

5.1    There are well defined and nearly identical questions of law and fact that affect all parties.  Such common questions of law and fact include, but are not limited to, the following:

5.2    Whether Defendant(s) placed such telephone calls to the Plaintiff;

5.3    Whether Defendant(s) TCPA violations and conduct was knowing and/or willful:

5.4    Whether Defendant(s) can meet their burden of showing that they clearly and unmistakably obtained "prior express consent" to make such calls/texts to the Plaintiff;

5.5    Whether Defendant(s) are liable for damages to the Plaintiff, as well as the amount to of such damages;

5.6    Whether Defendant(s) identified themselves to the Plaintiff or if their agents identified the entity on whose behalf the call/text was being made;

5.7   Whether Defendant(s) sent Plaintiff their DNC policy when it was requested;

5.8   Whether Defendant(s) uses telemarketing to obtain new customers;

5.9   Whether Defendant(s) have a written DNC policy;

5.10  Whether Defendant(s) written DNC policy was shared with anyone "on demand.";

5.11  Whether Defendant(s) can prove they trained their employees about the telemarketing rules and laws set in place;

5.12  Whether Defendant(s) have maintained a list of persons that they may not contact;

5.13  Whether Defendant(s) have a process in place to prevent phone calls to either numbers on the National Do Not Call List or numbers on the telemarketers internal do not call list;

5.14  Whether Defendant(s) have a process in place to monitor calls to prevent violations of the do not call list;

5.15  Whether Defendant(s) have maintained an errant list of all call that violate the do not call regulations;

5.16  Whether Defendant(s) can prove they used TCPA compliant vendors;

5.17  Whether Plaintiff opted out of receiving calls/texts from Defendant.

5.18  Whether Defendant(s) honored Plaintiffs opt out/stop request.

5.19  Whether Defendant(s) had reason to know, or should have known that its conduct would violate the statute.

5.20  Whether Plaintiff is entitled to injunctive relief;

5.21  Whether Defendant(s) should be enjoined from engaging in such mentioned conduct in the future;

5.22  Common questions in this case have common answers.

## 6.0  FACTUAL ALLEGATIONS
## AGAINST MZ FISHER HOLDINGS LLC.

6.1  On Thursday November 5, 2020 at 1:35 PM Plaintiff received **one** unauthorized and unwanted telemarketing call  to his cell phone ending in 7677 from Defendant or their agent form phone number 469-678-8174.

6.2  On Thursday November 5, 2020 at 1:37  PM Plaintiff received **two** unauthorized and unwanted telemarketing text message to his cell phone ending in 7677 from Defendant or their agent form phone number 469-423-8782.  The sender of the text message identified himself as Blake.  Blake wanted to buy real property from the Plaintiff.

6.3  Plaintiff has received similar texts in the past from someone claiming to be Blake.

6.4  Plaintiff, wanting to investigate his claim against the telemarketer, followed the telemarketers cues to find out their identity.

6.5  Plaintiff did not outright ask Blake who he was working for or his company name, because doing so would have risked him breaking off the communication and disappearing.   Of all the freaking junk Plaintiff has gone through with telemarketers, never, not one time, has a telemarketer given their true identity (to their legally registered business in the US) to Plaintiff.  One time, a few years ago, a telemarketer did give Plaintiff their business name and phone number and website and agents name and supervisor name and was actually passed on to the supervisor who took Plaintiffs call.   They answered all of Plaintiffs questions without any hesitation.  They were an web hosting / promotion company in South America.

6.6  Plaintiff is informed and believes and therefore alleges that texts that Defendant placed to him were made using an automatic telephone dialing system.

6.7    On Friday November 6, 2020 at 5:02 PM Plaintiff received an email from Blake, from cashoffer@theglasshomes.com, with a contract showing the buyers as MZ Fisher Holdings Trust LLC. out of Texas, registered to Micheal Fischer.  Micheal Fisher is the founder of MZ Fisher Holdings LLC.  After Plaintiff obtained the true identity behind the illegal texts messages alleged in this action, Plaintiff blew off the Defendant.

6.8    On Monday November 9, 2020 at 10:10  AM Plaintiff received **one** unauthorized and unwanted telemarketing text message to his cell phone ending in 7677 from Defendant or their agent form phone number 469-423-8782.

6.9    Plaintiff, searching on the Texas Secretary of State's website [and paying their search fees], found Defendant to be registered as a domestic LLC. In the State of Texas.

6.10  Plaintiff searched Defendant on Pacer [and also paid their fees to search and look at pleadings] and did not find other complaints against the Defendant for violations of the TCPA.

6.11  Plaintiff, at no time, gave Defendant his "express consent" to be contacted by text messages.

6.12  Part of Plaintiffs discovery will will be finding out if Defendant has a company wide pattern or practice of engaging in the alleged illegal practices at issue in my case.  Plaintiff is proffering that a number of similar incidents have occurred around the country to other everyday people.

6.13  In this alleged action, it is the Plaintiffs belief the Defendant uses long codes to run his telemarketing campaign to text people from a phone number and if they don't respond he (they) is back at it contacting the same people who did not respond with a new number.

6.14 The text placed by the Defendant was not necessitated by an emergency.

6.15 Defendants calls were transmitted to Plaintiffs cellular telephone, and within the time frame relevant to this action.

6.16 Defendant and/or their agents failed to properly identify themselves as required by the TCPA.

6.17 Plaintiff is not a customer of Defendant and has not provided defendant with his personal information or telephone number, or sought out solicitation from the Defendant or their agents.

6.18 It is Defendants burden to prove they has "express consent" per the TCPA to call the Plaintiff on his cell phone using an "automatic telephone dialing system."

6.19 At no time did Plaintiff provide prior express written consent, or even prior permission, for the Defendant or their agents to call the Plaintiff.

6.20 Plaintiff does not have and has never had an established business relationship with the Defendant.

6.21 The text received by the Plaintiff from the Defendant or their agent was for the purpose of encouraging the purchase of rental of, or investment in, property, goods, or services. The call therefor qualifies as telemarketing.

6.22 Plaintiff is the subscriber of phone number ending in 7677 and is financially responsible for phone service to said number.

6.23 Plaintiff's phone number ending in 7677 is primarily used for personal, family, and household use.

6.24  Upon information and belief, Defendants calls harmed the Plaintiff by causing the the very harm that Congress sought prevent – that is the "nuisance and invasion of privacy" and a Plaintiff suffered a concrete and particularized harm.

6.25  Upon information and belief, Defendants texts harmed Plaintiff by intruding upon Plaintiffs seclusion, lost time attending to unwanted and unauthorized calls, decreased phone battery life, need for more frequent re-charging of the battery, annoyance, and frustration.

6.26  As a result of Defendant illegal conduct, Plaintiff is entitled to $500 in damages for each such violation of the TCPA.  This is for each and every violation, whether Defendant committee multiple violations with a single text.  The number of texts are irrelevant.

## 7.0 STANDING

7.01  Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: (a) a valid injury in fact; (b) which is traceable to the conduct of Defendant; and (c) is likely to be redressed by a favorable judicial decision.

7.02  Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution.

7.03  For an injury to be "concrete" it must be a de facto injury, meaning that it actually exists. In Plaintiffs case, Defendant sent a text messages to Plaintiff's cellular telephone, using an ATDS. Such text messages are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and de facto.

7.04  For an injury to be "particularized" means that the injury must "affect the

Plaintiff in a personal and individual way." In Plaintiffs case, Defendant invaded Plaintiffs privacy and peace by texting his cellular telephone, and did this with the use of an ATDS.  Furthermore, Plaintiff was distracted and annoyed by having to take time, opening and reading the text message. All of these injuries are particularized and specific to Plaintiff.

7.05  Plaintiffs case passes The " Traceable to the Conduct of Defendant" Prong.

7.06  The second prong to establish standing at the pleadings phase is that Plaintiff must allege facts to show that its injuries are traceable to the conduct of Defendant. The above text message was directly and explicitly linked to Defendant.  The number from which the text was sent belongs to Defendant. This text message is the sole source of Plaintiff's and the Class's injuries. Therefore, Plaintiff has illustrated facts that show that her injuries are traceable to the conduct of Defendant.

7.07  Plaintiffs case passes the " Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong,

7.08  The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion In the present case, Plaintiff's Conclusion include a request for damages for each text message made by Defendant, as authorized by statute in  47 USC. Section 227. The statutory damages were set by Congress and specifically  redress the financial damages suffered by Plaintiff.

7.09  Plaintiff, under his 14 Amendment rights, has right to bring this action to be heard in front of a jury.

7.10  Because all standing requirements of Article III of the US Constitution have been met, Plaintiff has standing to sue Defendant on the stated claims.

## COUNT 1

8.01  Plaintiff re-alleges and incorporates the above paragraphs.

8.02  Defendant violated 47 USC Section 227(b)(1)(A)(iii) by placing (non emergency) <u>solicitation call/texts</u> to the Plaintiff.

8.03  Defendant must pay Plaintiff $500 for each text placed to Plaintiff.

## COUNT 2

9.01  Plaintiff re-alleges and incorporates the above paragraphs.

9.02  Defendant transmitted **four** <u>solicitation texts</u> to Plaintiffs cellular phone number, which was registered on the Do Not Call registry, violating 47 CFR Section 64.1200(c).

9.03  Defendant must pay Plaintiff $500 for each text placed to Plaintiff.

## COUNT 3

10.01 Plaintiff re-alleges and incorporates the above paragraphs.

10.02 Defendant knew or should have know that Plaintiff had not given <u>express consent</u> to receive its calls/texts messages violating USC Section 227(b)(3)(C).

10.03 Defendant must pay Plaintiff $500.

## COUNT 4

11.01 Plaintiff re-alleges and incorporates the above paragraphs.

11.02 Defendant transmitted a call/texts to the Plaintiff, despite the fact that Plaintiffs phone number <u>is listed on the DNC list</u>, a violation of USC Section 227(c).

11.03 Defendant must pay Plaintiff $500.

## COUNT 5

12.01 Plaintiff re-alleges and incorporates the above paragraphs.

12.02 Defendant transmitted <u>more than one text</u> to the Plaintiff, a violation of USC Section 227(c)(5)(B).

12.03 Defendant must pay Plaintiff $500 for each call/text **(four)** placed to the Plaintiff.

## COUNT 6

13.01 Plaintiff re-alleges and incorporates the above paragraphs.

13.02 Defendant <u>spoofed their caller id.</u>  The phone numbers on displayed on Plaintiffs caller id were long codes.  Plaintiff cannot call Defendants long code and speak to someone.  A violation of 47 CFR Section 64.1601(4)(e).

13.03 Defendant failed to provide a <u>call back number</u> in the initial text message. A violation of 47 CFR Section 64.1200(b)(2).

13.04 Defendant must pay Plaintiff $500.

## COUNT 7

14.01 Plaintiff re-alleges and incorporates the above paragraphs.

14.02 Defendant made calls to Plaintiffs phone ending in 7677 intentionally or knowingly and the calls were not accidental.

14.03 Pursuant to TBCC Section 305.053, Plaintiff sues here for monetary damages.

140.4 Pursuant USC Section 227(c)(5) and 47 CFR Section 64.1200(a)(2), treble the $500 statutory damages to be recoverable by Plaintiff against the Defendant

to $1500 for each transmitted text Defendant placed and for violating the the DNC request.

14.05 Defendant must pay Plaintiff $1500 for each violation and text transmitted to Plaintiff.

## COUNT 8

15.01 Plaintiff re-alleges and incorporates the above paragraphs.

15.02 Pursuant to 47 USC Section 227(b)(3)(A) and TBCC Section 305.053, the court following the trial of this action should issue an order permanently enjoining Defendant and its agents from engaging in any further conduct with respect to Plaintiff which violates the rules and regulations of 47 USC Section 227.

## COUNT 9

16.01 Plaintiff re-alleges and incorporates the above paragraphs.

16.02 Defendant intentionally intruded on Plaintiffs solitude, seclusion, and private affairs by transmitting unwanted telemarketing calls to his cellular phone. Defendants intrusion would be highly offensive to a reasonable person.

16.03 The repeated autodialed calls to Plaintiffs cellular phone have caused him emotional harm and distress, frustration, aggravation, wasted time, a nuisance and other losses.

16.04 Plaintiff seeks to recover actual damages, including his damages for mental anguish, to be proven at trial.  Mental anguish is one of the torts for which Plaintiff can recover mental-anguish damages without proving physical injury.

## **TRIAL BY JURY**

17.01Plaintiff demands a trial by jury under the 7th Amendment of the US Constitution.

## **CONCLUSION**

Plaintiff has read Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n which pretty much establishes the conduct for attorneys and references abusive litigation tactics from attorneys conduct.  Plaintiff believes if Defendant would read Dondi and instruct their attorney to send copies of the filings and emails between the Plaintiff and Defendants attorney, this would keep the Defendants attorney from "poking a stick at Plaintiffs ribs" just to upset him and try to prolong the hours he will be charging his client.

Plaintiff requests a copy of Defendants Do-Not-Call Policy to be sent to Plaintiffs address below.

Plaintiff requests everything he has asked for in his Complaint and other relief as the Court deems necessary.

_____

Joe Hunsinger – Pro se
7216 CF Hawn Frwy.
Dallas, Texas 75217
214-682-7677
joe75217@gmail.com

(469) 423-8782

Create conta...    Update cont...

(469) 423-8782

Nov 5 (Thu) 1:35 PM    *2020*
Texas

← **(469) 423-...**   📹   📞   ⋮

*THURSDAY*
*November 5, 2020*

1:37 PM

2/2 uestions. Give me a call back when you can!

1:37 PM



1/2 Hello Ruth! Blake here. My associate called you not too long ago about a property you have in Dallas. Just wanted to introduce myself and ask you a few q

1:37 PM





← (469) 423...   📹   📞   🔍   ⋮

year : 2020

**Monday, Nov 9 · 10:10 AM**



Good morning Joe!
Just following up to
see if you have had the
chance to talk over the
offer with your mother?

Nov 9, 10:10 AM





Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697

Ruth R. Hughs
Secretary of State

## Office of the Secretary of State
### Packing Slip

November 12, 2020
Page 1 of 1

Attn: joe hunsinger
joe hunsinger
7216 c.f. hawn frwy
Dallas, TX 75217

Batch Number: **100699233**

Client ID: **399368755**

Batch Date: **11-11-2020**

Return Method: **Email**

| Document Number | Document Detail | Number / Name | Page Count | Fee |
|---|---|---|---|---|
| 1006992330002 | **Find** | **mz fischer holdings llc** | | **$1.00** |
| 1006992330003 | **Convenience Fee** | | | **$0.03** |
| | | | **Total Fees:** | **$1.03** |

| Payment Type | Payment Status | Payment Reference | | Amount |
|---|---|---|---|---|
| **Credit Card** | **Accepted** | **************002** | | **$1.03** |
| | | | **Total:** | **$1.03** |

**Total Amount Charged to Client Account:** **$0.00**
(Applies to documents or orders where Client Account is the payment method)

*Note to Customers Paying by Client Account:* This is not a bill. Payments to your client account should be based on the monthly statement and not this packing slip. Amounts credited to your client account may be refunded upon request. Refunds (if applicable) will be processed within 10 business days.

User ID: WEBSUBSCRIBER

# Texas Secretary of State
## Ruth R. Hughs

Press [F11] to exit full screen

UCC | Business Organizations | Trademarks | Notary | Account | Help/Fees | Briefcase | Logout

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**



**Filing Number:** 803452723
**Original Date of Filing:** October 23, 2019
**Formation Date:** N/A
**Tax ID:** 32072334496
**Duration:** Perpetual

**Entity Type:** Domestic Limited Liability Company (LLC)
**Entity Status:** In existence

**FEIN:**

**Name:** MZ FISCHER HOLDINGS, LLC
**Address:** 901 GRANGE HALL DR APT 4313
EULESS, TX 76039-2263 USA

### REGISTERED AGENT

| Name | Address | Inactive Date |
|---|---|---|
| MICHAEL FISCHER | 901 GRANGE HALL ROAD, SUITE NUMBER 4313 EULESS, TX 76039 USA | |

[Order]  [Return to Search]

Instructions:
● To place an order for additional information about a filing press the 'Order' button.

- SOSDirect - Business Filings
- Business Copies and Certificates
- Uniform Commercial Code
- Texas Businesses Against Trafficking
- Texas.gov

- VoteTexas.gov - Voter Information
- Register to Vote & Voter I.D.
- Website Policies
- Open Records
- Contact us

- Statewide Search
- Texas Homeland Security
- Where the Money Goes
- Fraud Reporting
- Texas Veterans Portal

[Show all]

MZ FISCHER....PDF  ^

JS 44 (Rev. 10/20) - TXND (10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JOE HUNSINGER

## DEFENDANTS

MZ FISCHER HOLDINGS, LLC.

**(b)** County of Residence of First Listed Plaintiff   DALLAS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   TARRANT
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

PRO-SE

Attorneys *(If Known)*

RECEIVED
APR - 7 2021
CLERK U.S. DISTRICT COURT

3-21CV0803-N

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
       Plaintiff
- [x] 3  Federal Question
       *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government
       Defendant
- [ ] 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane   [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product        Product Liability |  |  | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument |        Liability   [ ] 367 Health Care/ |  | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel &        Pharmaceutical |  | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
|        & Enforcement of Judgment |        Slander        Personal Injury |  | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'        Product Liability |  | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted |        Liability   [ ] 368 Asbestos Personal |  |        New Drug Application | [ ] 470 Racketeer Influenced and |
|        Student Loans | [ ] 340 Marine        Injury Product |  | [ ] 840 Trademark |        Corrupt Organizations |
|        (Excludes Veterans) | [ ] 345 Marine Product        Liability |  | [ ] 880 Defend Trade Secrets |        (15 USC 1681 or 1692) |
| [ ] 153 Recovery of Overpayment |        Liability   **PERSONAL PROPERTY** | **LABOR** |        Act of 2016 | [ ] 480 Consumer Credit |
|        of Veteran's Benefits | [ ] 350 Motor Vehicle   [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards |  |        (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle   [ ] 371 Truth in Lending |        Act |  | [x] 485 Telephone Consumer |
| [ ] 190 Other Contract |        Product Liability   [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** |        Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal        Property Damage |        Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |        Injury   [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
|  | [ ] 362 Personal Injury -        Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) |        Exchange |
|  |        Medical Malpractice |        Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights   **Habeas Corpus:** | [ ] 791 Employee Retirement |  | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting   [ ] 463 Alien Detainee |        Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment   [ ] 510 Motions to Vacate |  | [ ] 870 Taxes (U.S. Plaintiff |        Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/        Sentence |  |        or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability |        Accommodations   [ ] 530 General |  | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities -   [ ] 535 Death Penalty | **IMMIGRATION** |        26 USC 7609 |        Act/Review or Appeal of |
|  |        Employment   **Other:** | [ ] 462 Naturalization Application |  |        Agency Decision |
|  | [ ] 446 Amer. w/Disabilities -   [ ] 540 Mandamus & Other | [ ] 465 Other Immigration |  | [ ] 950 Constitutionality of |
|  |        Other   [ ] 550 Civil Rights |        Actions |  |        State Statutes |
|  | [ ] 448 Education   [ ] 555 Prison Condition |  |  |  |
|  |   [ ] 560 Civil Detainee - |  |  |  |
|  |        Conditions of |  |  |  |
|  |        Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original
       Proceeding
- [ ] 2  Removed from
       State Court
- [ ] 3  Remanded from
       Appellate Court
- [ ] 4  Reinstated or
       Reopened
- [ ] 5  Transferred from
       Another District
       *(specify)*
- [ ] 6  Multidistrict
       Litigation -
       Transfer
- [ ] 8  Multidistrict
       Litigation -
       Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC SECTION 1331 AND 47 USC SECTION 227
Brief description of cause:
VIOLATIONS OF THE TCPA

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION**
       UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   4-7-21

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____